UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

SEANDRE WHITE                                                                    PLAINTIFF

V.                                                       CIVIL ACTION NO. 3:26-CV-73-DPJ-ASH

KOLLY AROUNA, ET AL.                                                          DEFENDANTS

ORDER

This car-accident case is before the Court on Plaintiff's Motion to Remand [7] the matter to the Circuit Court of Newton County, Mississippi, and Defendants' Motion to Dismiss [4].  For the reasons explained below, the Court grants the Motion to Remand and denies the Motion to Dismiss and Motion for Leave to File [12] as moot.

I.       Background

On October 27, 2025, Plaintiff Seandre White sued Kolly Arouna, Barotov, Inc., Accredited Surety and Casualty Co., Inc. (Accredited), and John Does 1–5 in the Circuit Court of Newton County, Mississippi, for damages stemming from an October 16, 2024 car accident. Compl. [1-1].  On the day of the accident, Arouna was driving an 18-wheeler truck west on Interstate 20 in Newton County, Mississippi.  *Id.* ¶ 8.  While on Interstate 20, the truck overturned, causing White to swerve off the road and drive into a ditch.  *Id.* ¶¶ 8–9.  White suffered bodily injuries during the wreck.  *Id.* ¶ 9.

Because of her bodily and property injuries, White seeks an unspecified amount of compensatory and punitive damages, including:

(a)      Past, present and future medical expenses;

(b)      Physical injury;

(c)      Permanent injuries;

(d)     Past, present and future pain and suffering, emotional distress, mental anguish;

(e)     Economic damages and property damage;

(f)     Out-of-pocket expenses;

(g)     Loss of enjoyment of life;

(h)     Punitive damages;

(i)     All other damages of every kind to the Plaintiff to which she is entitled by law; and

(j)     All injuries and damages shown by the evidence introduced in this case.

*Id.* ¶ 44.

On February 2, 2026, Accredited removed the case to Federal Court, citing the Court's diversity jurisdiction.  Notice [1].  White filed a motion to remand on March 3, 2026.  Mot. [7]. The parties question whether the amount in controversy exceeds the jurisdictional threshold. Pl.'s Mem. [8] at 2–3; Defs.' Resp. [10] at 3–4.  Although the motion was not fully briefed, the time to do so has passed, and the Court is prepared to rule.[1]

II.     Standard

A party may remove a case from state to federal court under 28 U.S.C. § 1441(b) when, on the face of the complaint, it appears the case invokes one or more grounds for federal subject-matter jurisdiction.  *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1336 (5th Cir. 1995).  Where, as here, a party premises subject-matter jurisdiction on diversity of citizenship, 28 U.S.C. § 1332(a) controls.  Section 1332(a) provides that "district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000,

---

[1] The Court acknowledges Plaintiff requested the opportunity to submit an untimely reply brief. *See* Mot. [12].  After the Court dispenses with her motion to remand, it will address her other motion.

exclusive of interest and costs, and is between . . . citizens of different States."  "The party seeking to invoke federal diversity jurisdiction bears the burden of establishing both that the parties are diverse and that the amount in controversy exceeds $75,000."  *Garcia v. Koch Oil Co. of Tex. Inc.*, 351 F.3d 636, 638 (5th Cir. 2003).

To determine whether jurisdiction exists, the district court "consider[s] the claims in the state court petition as they existed at the time of removal."  *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002); *see also Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 882 (5th Cir. 2000) ("The jurisdictional facts that support removal must be judged at the time of the removal.").  "Any ambiguities are construed against removal because the removal statute should be strictly construed in favor of remand."  *Manguno*, 276 F.3d at 723.

III.    Analysis

The parties agree that complete diversity of citizenship exists.  But White says the Court must remand this case because Accredited has failed to satisfy the amount-in-controversy requirement under 28 U.S.C. § 1332(a).  *See* Pl.'s Mem. [8] at 3.

The test for determining the amount in controversy is well settled.  Generally, the amount of damages sought in the petition constitutes the amount in controversy, so long as the pleading was made in good faith.  *Allen*, 63 F.3d at 1335 (citing *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938)).  When, as here, "the plaintiff's complaint does not allege a specific amount of damages, the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds" the jurisdictional amount.  *De Aguilar v. Boeing Co.*, 11 F.3d 55, 58 (5th Cir. 1993).

The removing party can meet this burden in one of two ways:  (1) by showing that it is "facially apparent" the claim exceeds $75,000 or (2) if the value is not "facially apparent," by

3

"setting forth the facts in controversy . . . that support a finding of the requisite amount." *Allen*, 63 F.3d at 1335 (emphasis omitted). Under the second approach, the Court may consider summary-judgment-type evidence relevant to the amount in controversy at the time of removal. *Id.* If Accredited carries its burden under either theory, then jurisdiction exists unless White proves to a legal certainty that the amount in controversy is less than $75,000. *De Aguilar*, 47 F.3d at 1412; *see also Randle v. SmithKline Beecham Corp.*, 338 F. Supp. 2d 704, 711 (S.D. Miss. 2004).

Accredited relies on the first approach, arguing that "[i]t is facially apparent based on the language in the Complaint that Plaintiff is seeking damages in excess of $75,000." Defs.' Resp. [10] at 4. It relies on four points: (1) the case involved an 18-wheeler; (2) White seeks economic damages for past and future medical expenses and other unidentified expenses; (3) White seeks past and future pain, suffering, and emotional distress; and (4) White seeks punitive damages. *Id.* at 3.

But there are no facts suggesting the extent of these injuries. White did not collide with the 18-wheeler, she merely ran off the road to avoid a collision. Compl. [1-1] ¶ 9. That alone does not suggest serious injuries. The Complaint also fails to explain what her past or future injuries are. And as for punitive damages, courts within this district have "look[ed] more rigorously at the complaint's factual allegations to determine whether the combination of compensatory and punitive damages could truly support a recovery above $75,000." *Evans v. Red Shield Admin. Inc.*, No. 3:18-CV-464-CWR-FKB, 2018 WL 4288724, at *1 (S.D. Miss. Aug. 17, 2018) (finding that unspecified punitive damages demand is itself insufficient to meet amount-in-controversy requirement).

These cases generally note that due-process concerns limit the extent to which punitive damages can eclipse compensatory damages. *See Bridges v. Freese*, 122 F. Supp. 3d 538, 549 (S.D. Miss. 2015) (finding that plaintiffs with low-dollar compensatory-damage demands could not, "consistent with due process, . . . receive an award of punitive damages that would push the amount in controversy over $75,000"). As the Supreme Court noted in *State Farm Mutual Automobile Insurance Co. v. Campbell*, there is no bright-line test, but consistent with due process, punitive damages must be "both reasonable and proportionate to the amount of harm to the plaintiff and to the general damages recovered." 538 U.S. 408, 426 (2003); *see also id.* at 425 (noting that "few awards exceeding a single-digit ratio between punitive and compensatory damages, to a significant degree, will satisfy due process").

Given the description of the accident, and without knowing the compensatory damages, there is no way to know the legally permissible punitive-damages amount. Therefore, the amount in controversy is not facially apparent. Accredited could have potentially overcome this by offering summary-judgment-type evidence showing White's injuries were severe enough to establish the jurisdictional amount, but it offered no such evidence. The Court grants Plaintiff's motion to remand.[2]

---

[2] The Court understands why Accredited would attempt removal—the motion to remand is a close call, and failing to remove might present procedural bars later. But Accredited does have other avenues at its disposal, including what is sometimes referred to in this district as the "preferred approach." *McLain v. Am. Int'l Recovery, Inc.*, 1 F. Supp. 2d 628, 631 (S.D. Miss. 1998). Through written discovery, Accredited could ask White to admit that the amount in controversy does not exceed the jurisdictional amount and that she will not seek that amount. *Id.*; *see also Fortune v. XFit Brands, Inc.*, No. 3:18-CV-545-CWR-LRA, 2018 WL 6332640 (S.D. Miss. Dec. 4, 2018) (Reeves, J.) (following preferred approach). If White fails to so admit, then removal might be appropriate. *See, e.g., Norman v. GEICO Ins.*, 479 F. Supp. 3d 336, 341 (S.D. Miss. 2020) (denying motion to remand after initial remand and second removal because

Because diversity jurisdiction does not exist, the Court lacks subject-matter jurisdiction to rule on the motion to dismiss.  The Court thus denies the motion as moot.[3]

IV.     Conclusion

The Court has considered all arguments.  Those not specifically addressed would not have altered the result.  For the reasons explained above, the Court grants Plaintiff's Motion to Remand [7] and remands this civil action to the Circuit Court of Newton County, Mississippi. Additionally, the Court denies Defendants' Motion to Dismiss [4] and Plaintiff's Motion for Leave to File [12] as moot.

**SO ORDERED AND ADJUDGED** this the 27th day of May, 2026.

s/ *Daniel P. Jordan III*
UNITED STATES DISTRICT JUDGE

---

plaintiff refused to admit in written discovery responses that amount in controversy fell below jurisdictional minimum for federal diversity jurisdiction).

[3] On April 2, 2026, Plaintiff filed a motion requesting leave to file an untimely response to the motion to dismiss and an untimely reply to the motion to remand.  *See* Mot. [12].  Because the Court remands this civil action, it denies Plaintiff's motion as moot.